# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO DIAZ DIAZ, | 1:09-cv-01363-LJO-SMS (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| J. SUGRUE, Warden | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In the instant petition, Petitioner does not challenge the underlying conviction or sentence. Rather, he challenges the duration of his confinement and projected release date. On or about August 19, 2008, the United States District Court for the District of Oregon sentenced Petitioner to twenty-four (24) months imprisonment for violations of 8 U.S.C. § 1325(a). See Petition, at 2, Unnumbered Exhibit[1], at p. 24 of 26.)  A few months thereafter, Petitioner received a twenty-one month sentence imposed by Deschutes County for charges of unlawful possession and unlawful delivery of a controlled substance under Oregon state law. (Id. at pgs. 15, 18, 20, 22.)

Petitioner filed the instant petition on August 4, 2009. (Court Doc. 1.) On October 26,

---

[1] Because Petitioner did not number or label the exhibits attached to the Petition, the Court will refer to the page number as it exists on the Court's Case Management Electronic Filing System.

1

2009, Respondent filed a motion to dismiss the petition for failure to exhaust the administrative remedies. (Court Doc. 10.) Petitioner did not file an opposition.

## DISCUSSION

A.   Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Further, Petitioner is challenging the execution of his sentence at the California City Correctional Center, in California City, California, which is within the Fresno Division of the Eastern District of California; therefore, the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

B.   Exhaustion of Administrative Remedies

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (*per curiam*), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum;

conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. See also Chua Han Mow, 730 F.2d at 1313.

However, the exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir.1978). Because exhaustion is not required by statute, it is not jurisdictional. Morrison - Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987), *cert. dismissed*, 488 U.S. 935 (1988); Montgomery, 572 F.2d at 252. "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown, 895 F.2d at 535.

The Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. § 542.10 et. seq. First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13 (1999). If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request. 28 C.F.R. § 542.14 (1999). Upon denial by the institution, the prisoner may appeal the decision by filing a complaint with the Regional Director of the Bureau of Prisons. 28 C.F.R. § 542.15 (1999). The Regional Director's decision may be appealed to the General Counsel in Washington, D.C. Id. Appeal to the General Counsel is the final step in the administrative remedy process. Id.

There are deadlines for filing at each step of the administrative remedy program, however, extensions of time may be granted. 28 C.F.R. §§ 542.14(b); 542.15(a). In addition, if an appeal is rejected for procedural error an inmate may be given additional time to correct the defects in his filing. 28 C.F.R. § 542.17(b). If the grievance is rejected for a procedural reason, it may be appealed to the next level of administrative review. 28 C.F.R. § 542.17(c).

On the form Petition, Petitioner indicates that the administrative appeal process is not complete. Petition, at 4. Petitioner then attaches several unidentified exhibits relating to his

apparent attempts to exhaust the administrative remedies.  On or about May 7, 2009, Petitioner submitted an "Informal Resolution" to the California City Correctional Center challenging his sentence computation and projected date of release.  See Exhibit Pages 10-12.  A written response was issued by Records Manager Jean Lorah which stated that she met with Petitioner on May 12, 2009, to discuss and explain to him that his sentence was being properly computed pursuant to the judgments.  Exhibit Page 20.  Then on or about July 5, 2009, Petitioner filed an Inmate Grievance raising the same challenge to the computation and projected date of release.  Exhibit Page 8.  On July 9, 2009, the grievance was rejected because it was not timely filed.  Exhibit Page 7.

      Thus, it is clear that Petitioner has not exhausted the available administrative remedies.  Petitioner only sought relief at the initial level of appeal and after it was rejected on procedural grounds, he immediately filed his petition in this Court.  Although there are instances in which the Court may exercise its discretion to excuse exhaustion, Petitioner has offered no explanation for the failure to utilize the administrative process, and the Court, in its discretion, finds that dismissal is appropriate.  See e.g. Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004), citing S.E.C. v. G.C. George Sec., Inc., 637 F.2d 685, 688 n.4 (9th Cir. 1981) ("exceptions to the general rule requiring exhaustion cover situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.")  The dismissal will be without prejudice which does not bar Petitioner from returning to this Court upon exhaustion of the administrative remedies.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     Respondent's motion to dismiss the instant petition be GRANTED; and,

2.     The instant petition be DISMISSED without prejudice for failure to exhaust the administrative remedies.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

       IT IS SO ORDERED.

**Dated:   December 14, 2009**            /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE